Last revised: August 1, 2017

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:  
John P. Burgess  
Susan M. Burgess

Case No.: __16-32412__

Judge: __ABA__

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original  ☒ Modified/Notice Required  Date: __10/04/2017__

☐ Motions Included  ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER  
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☒ DOES ☐ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __RAL__    Initial Debtor: __JPB__    Initial Co-Debtor: __SMB__

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____100.00_____ per _____month_____ to the Chapter 13 Trustee, starting on _____9/01/2017_____ for approximately _____27_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☒    Other sources of funding (describe source, amount and date when funds are available):

$10,469.17 paid to date

c. Use of real property to satisfy plan obligations:

☒ Sale of real property
Description: 6102 W. Holly Street, Mays Landing, NJ 08330
Proposed date for completion: 12/31/2017

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

| Part 2: | Adequate Protection ☒ NONE |
|---|---|
| | a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor). |
| | b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor). |

| Part 3: | Priority Claims (Including Administrative Expenses) |
|---|---|

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 0.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☒ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:   Secured Claims**

**a. Curing Default and Maintaining Payments on Principal Residence: ☒ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:  ☒ NONE**

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

**c. Secured claims excluded from 11 U.S.C. 506:  ☒ NONE**

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

| g. Secured Claims to be Paid in Full Through the Plan: ☒ NONE |||
|---|---|---|
| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|  |  |  |

**Part 5: Unsecured Claims ☐ NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☒ Not less than _____63_____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6: Executory Contracts and Unexpired Leases ☒ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

6

**Part 7:    Motions  ☒ NONE**

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☒ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.  ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8:   Other Plan Provisions

**a. Vesting of Property of the Estate**

☒   Upon confirmation

☒   Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Claims
3) Secured Claims
4) Priority Claims; (5) General Unsecured Claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 11/23/2016

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Fay Servicing denied loan modification | Debtors to sell principal residence |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☐ NONE

☒ Explain here:

U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee, (Mortgagee), by and through its loan servicer, Fay Servicing, shall be paid the entirety of the net proceeds from the sale of the debtors' principal residence up to the full balance owed on the mortgage loan obligation. The sale of the debtors' principal residence shall be subject to court approval upon the filing and service of an appropriate motion.

Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date: 10/03/2017    /s/ Robert A. Loefflad
Attorney for the Debtor

Date: 10/03/2017    /s/ John P. Burgess
Debtor

Date: 10/03/2017    /s/ Susan M. Burgess
Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date: 10/03/2017

/s/ Robert A. Loefflad
Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 10/03/2017

/s/ John P. Burgess
Debtor

Date: 10/03/2017

/s/ Susan M. Burgess
Joint Debtor

```
                                United States Bankruptcy Court
                                       District of New Jersey

In re:                                                                    Case No. 16-32412-ABA
John P. Burgess                                                           Chapter 13
Susan M. Burgess
        Debtors                      CERTIFICATE OF NOTICE
District/off: 0312-1          User: admin                  Page 1 of 2                  Date Rcvd: Oct 12, 2017
                              Form ID: pdf901              Total Noticed: 36


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 14, 2017.
db            #+John P. Burgess,    6102 Holly Street,    Hamilton Township, NJ 08330-3710
jdb            +Susan M. Burgess,    6102 Holly Street,    Hamilton Township, NJ 08330-3710
aty           #+Friedman Vartolo, LLP,    950 Third Avenue, 11th Floor,    New York, NY 10022-2775
aty            +Lars Hyberg,    Hyberg, White & Mann,    2111 New Road,   Suite 105,    Northfield, NJ 08225-1512
cr             U.S. ROF III Legal Title Trust 2015-1, by U.S. Ban,    c/o Specialized Loan Servicing,
                 8742 Lucent Blvd.,    Highlands Ranch, CO 80129-2302
516515420       AT&T Mobility,    c/o SW Credit Systems, LP,    4130 Iinternational Parkway, Suite 1100,
                 Carrollton, TX 75007
516529777      +AmeriCredit Financial Services, Inc. dba GM Financ,    P O Box 183853,
                 Arlington, TX 76096-3853
516732381       Apex Asset Management, LLC,    Shore Orthopaedic Univ.,    PO Box 5407,
                 Lancaster, PA 17606-5407
516602352       Bank of America, N.A.,    PO BOX 31785,    Tampa, FL 33631-3785
516515421       Capital One Bank,    Post Office Box 30285,    Salt Lake City, UT 84130-0285
516661997       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
516515422      #+Catherine Aponte, Esquire,    Friedman Vartolo, LLP,    950 Third Avenue, 11th Floor,
                 New York, NY 10022-2775
516515423      +Clerk, Special Civil Part,    DC-005823-11,    1201 Bacharach Boulevard,
                 Atlantic City, NJ 08401-4510
516515424      +Fay Servicing,    440 S. LaSalle Street, 20th Floor,    Chicago, IL 60605-5011
517016520      +Fay Servicing, LLC,    3000 Kellway Dr.,    Ste. 150,   Carrollton, TX 75006-3357
516515426       GM Financial,    PO Box 181145,    Arlington, TX 76096-1145
516515429      +Pressler and Pressler,    7 Entin Road,    Parsippany, NJ 07054-5020
516515430       Regional Acceptance Corp.,    1424E East Fire Tower Road,    Greenville, NC 27858
516515431      +Select Medical Corp.,    c/o Bureau of Account Management,    3607 Rosemont Avenue,
                 Camp Hill, PA 17011-6943
516515432      +Shore Orthopaedic University Associates,    c/o Apex Asset Management,
                 2501 Oregon Pike, Suite 120,    Lancaster, PA 17601-4890
516515433      +The Bureaus,    650 Dundee Road, Suite 370,    Northbrook, IL 60062-2757
516588358       U.S. ROF III Legal Title Trust 2015-1, by U.S. Ban,    KML Law Group PC,    Sentry Office Plaza,
                 216 Haddon Avenue, Suite 206,    Westmont, NJ 08108
516530609      +U.S. ROF III Legal Title Trust 2015-1, et al,    ALDRIDGE PITE, LLP,
                 4375 Jutland Drive, Suite 200,    P.O. Box 17933,    San Diego, CA 92177-7921
516774872      +U.S. ROF III Legal Title Trust 2015-1, et al,    FAY SERVICING, LLC,
                 440 S. LaSalle Street, Suite 2000,    Chicago, IL 60605-5011

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Oct 12 2017 22:18:17     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 12 2017 22:18:16     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
516515419       E-mail/Text: EBNProcessing@afni.com Oct 12 2017 22:18:23     AT&T Mobility,   c/o AFNI,
                 PO Box 3097,    Bloomington, IL 61702-3097
516753907      +E-mail/Text: g20956@att.com Oct 12 2017 22:18:44     AT&T Mobility II LLC,
                 c/o AT&T Services, Inc.,    One AT&T Way, Room 3A104,    Bedminster, NJ 07921-2693
516675558      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 12 2017 22:27:48
                 Bureaus Investment Group Portfolio No 15 LLC,    c/o PRA Receivables Management, LLC,
                 PO Box 41021,    Norfolk VA 23541-1021
516515425      +E-mail/Text: bankruptcydpt@mcmcg.com Oct 12 2017 22:18:15     First Bank of Delaware,
                 c/o Midland Funding LLC,    8875 Aero Drive, Suite 200,    San Diego, CA 92123-2255
516515427      +E-mail/Text: bnckohlsnotices@becket-lee.com Oct 12 2017 22:17:46     Kohl's Department Store,
                 Post Office Box 3115,    Milwaukee, WI 53201-3115
516515428       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 12 2017 22:42:48
                 Portfolio Recovery Associates, LLC,    120 Corporate Boulevard,    Norfolk, VA 23502
516766253       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 12 2017 22:42:28
                 Portfolio Recovery Associates, LLC,    c/o Gamestop,    POB 41067,   Norfolk VA 23541
516765255       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Oct 12 2017 22:28:12
                 Portfolio Recovery Associates, LLC,    c/o Victorias Secret,    POB 41067,   Norfolk VA 23541
516537021       E-mail/PDF: RACBANKRUPTCY@BBANDT.COM Oct 12 2017 22:21:09     Regional Acceptance Corporation,
                 PO Box 1847,    Wilson, NC 27894-1847
516668743      +E-mail/PDF: gecsedi@recoverycorp.com Oct 12 2017 22:20:51     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                               TOTAL: 12

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

```
District/off: 0312-1          User: admin              Page 2 of 2                Date Rcvd: Oct 12, 2017
                              Form ID: pdf901          Total Noticed: 36
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 14, 2017                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 10, 2017 at the address(es) listed below:

        Denise E. Carlon    on behalf of Creditor    U.S. ROF III Legal Title Trust 2015-1, by U.S. Bank National Association, as Legal Title Trustee dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
        Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
        Robert A. Loefflad    on behalf of Debtor John P. Burgess rloefflad@ffhlaw.com, ghuie@ffhlaw.com
        Robert A. Loefflad    on behalf of Joint Debtor Susan M. Burgess rloefflad@ffhlaw.com, ghuie@ffhlaw.com

TOTAL: 4