UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Robert A. Loefflad, Esquire
NJ Bar ID# 024791996
Ford, Flower, Hasbrouck & Loefflad
Post Office Box 405
Linwood, New Jersey 08221
Tel (609) 653-1500
Fax (609) 653-8887

**Order Filed on February 13, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In Re:

John P. Burgess and Susan M. Burgess

| | |
|---|---|
| Case No.: | 16-32412 |
| Hearing Date: | |
| Chapter: | 13 |
| Judge: | ABA |

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3) is
**ORDERED**.

**DATED: February 13, 2018**

Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____6102 W. Holly Street, Mays Landing, NJ 08330_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒    In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Barb Kyle of Balsley-Losco Realty |
| Amount to be paid: | $7,659.00 (to be shared with Sheldon Grace of Grace Properties |
| Services rendered: | Realtor |

**OR**:  ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

5.  The amount of $_____N/A_____ claimed as exempt may be paid to the Debtor.

6.  The ☐ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7.  A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8.  ☐ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

    Since the Debtors' chapter 13 plan has not yet been confirmed,
    title shall be transferred by the Trustee and Debtors.

*rev.8/1/15*